IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JENNY STEPP, *individually, and on behalf of* §
*all others similarly situated*, §
§
Plaintiffs, §
§
v. § 1:16-CV-1251-RP
§
SETON FAMILY OF HOSPITALS, *et al.*, §
§
Defendants. §

## ORDER

Before the Court is the parties' Joint Motion for Settlement and to Dismiss with Prejudice. (Dkt. 55). The parties request that the Court approve their confidential settlement agreement regarding Plaintiff Jenny Stepp's ("Stepp") claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Mot. Approval, Dkt. 55, at 2). After reviewing the motion, the settlement terms, the pleadings, and applicable law, the Court will grant the parties' motion.

## I. BACKGROUND

Stepp brought this FLSA suit against the Seton Family of Hospitals ("Seton") as a collective action on behalf of herself and others similarly situated. (Compl., Dkt. 1). Stepp worked as a nurse at a Seton hospital. (*Id.* ¶ 4). She alleges that Seton required nurses responsible for direct patient care to remain on duty during meal breaks, but Seton automatically deducted 30 minutes of time from these nurses' shifts on the assumption that the nurses would be able to find a 30-minute period in which to enjoy a meal break. (*Id.* ¶ 2). According to Stepp, however, nurses were frequently interrupted when they attempted to take meal breaks, and as a result, they sometimes worked over 40 hours a week but were not compensated for their overtime work. (*Id.* ¶¶ 2–4). Stepp brought the instant suit to recover this overtime pay under the FLSA.

On July 9, 2018, the Court denied Stepp's motion to conditionally certify a collective action. (Dkt. 44). Subsequently, the other plaintiffs in this action voluntarily dismissed their claims and withdrew from this litigation. (*See* Dkts. 48, 49). Only Stepp remains as a plaintiff, and on January 15, 2019, she and the defendants filed a joint motion to settle this case and dismiss Stepp's claims with prejudice. (Dkt. 55).

## II. LEGAL STANDARD

The FLSA was enacted to protect all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas–Best Freight Sys.*, 450 U.S. 728, 739 (1981). The FLSA permits suit by "one or more employees for and in behalf of himself or themselves and other employees similarly situated" to recover unpaid minimum wages, overtime compensation, and liquidated damages from employers who violate the statute's provisions. 29 U.S.C. § 216(b).

In general, FLSA claims cannot be waived; however, they "may be compromised" after a court reviews and approves a settlement. *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015); *Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 736 (W.D. Tex. 2010); *see also Sims v. Hous. Auth. City of El Paso*, No. EP-10-CV-109-PRM, 2012 WL 10862119, at *2 (W.D. Tex. Feb. 29, 2012) (noting a dearth of Fifth Circuit precedent on this issue). Courts may approve a settlement if it reflects "a reasonable compromise over issues" that are "actually in dispute." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). "The primary focus of the Court's inquiry in deciding whether to approve the settlement of a FLSA collective action is not on due process concerns as it would be for a Rule 23 class action . . . . Rather[,] the Court primarily focuses on ensuring that an employer does not take advantage of its employees in settling their claim for wages." *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008).

## III. DISCUSSION

In reviewing a settlement of FLSA claims, the reviewing court must determine whether there is a bona fide dispute and whether the settlement is a "fair and reasonable resolution" of that dispute. *Lynn's Food Stores*, 679 F.2d at 1355.

### A. Bona Fide Dispute

First, courts must look to "whether there exists a bona fide dispute" under the FLSA. *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005). The FLSA requires that employers pay overtime compensation to employees who work more than 40 hours in a workweek. 29 U.S.C. § 207(a)(1). The Act exempts from this requirement any employee who works in a bona fide executive, administrative, or professional capacity. *Id.* § 213(a)(1). The FLSA requires that non-exempt employees be compensated at the overtime rate of at least one and one-half times their regular rate for hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1).

Seton disputes Stepp's substantive allegations. Seton alleges that the 30-minute meal break deduction was subject to several override procedures within the nurses' control, and denies that its meal break compensation practice violates the FLSA. (Ans., Dkt. 15, ¶¶ 2, 3, 5). Although Seton admits that it knew its employees sometimes worked in excess of their scheduled shifts, it denies that its employees were not appropriately compensated. (*Id.* ¶ 8). The Court therefore concludes that there are bona fide disputes in this case under the FLSA.

### B. Fair and Reasonable Resolution

Having found a bona fide dispute, the Court looks to whether the proposed settlement agreement is fair and reasonable. In determining whether the settlement agreement is fair and reasonable, "there is a strong presumption in favor of finding a settlement fair." *Sims v. Hous. Auth. City of El Paso*, No. EP-10-CV-109-PRM, 2012 WL 10862119, at *3 (W.D. Tex. Feb. 29, 2012) (quoting *Domingue v. Sun Elec. & Instrumentation, Inc.*, No. 09-682, 2010 WL 1688793, at *1 (M.D. La.

3

2010)). The fact that a "settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.* "[T]he Rule 23(e) standard encompasses the 'fair and reasonable' settlement standard of the FLSA collective action, and cases interpreting Rule 23(e) are analogous and applicable to the instant FLSA action." *Dyson v. Stuart Petroleum Testers, Inc.*, No. 1:15-CV-282, 2016 WL 815355, at *2 (W.D. Tex. Feb. 29, 2016) (quoting *Altier v. Worley Catastrophe Resp., LLC*, Nos. 11–241, 11–242, 2012 WL 161824, at *14 (E.D. La. Jan. 18, 2012)). The Court thus considers six factors:

> (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

*Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982).

The Court has reviewed the terms of the confidential settlement agreement and concludes that it is fair and reasonable. There is no evidence before the Court of any fraud or collusion. The parties are represented by counsel experienced in FLSA disputes and reached a settlement after months of arms-length negotiation. (Mot. Approval, Dkt. 55, ¶¶ 3–4). Settlement at this stage reduces the expense of further litigation as the parties have not indicated that discovery is complete and have not filed dispositive motions. As noted above, the parties disagree about fundamental legal and factual issues on Stepp's claims. The Court has evaluated the amount of recovery Stepp will receive, and there are no other plaintiffs in this action. Finally, the parties are represented by counsel, and all agree that the settlement is a fair and reasonable compromise of Stepp's claims. (*Id.* ¶ 4). The Court finds that the above factors weigh in favor of approving the settlement agreement filed under seal.

## IV. CONCLUSION

The Court finds that the settlement agreement is a fair and reasonable settlement of a bona fide dispute. Accordingly, **IT IS ORDERED** that the parties' Joint Motion for Settlement and to Dismiss with Prejudice, (Dkt. 55), is **GRANTED**, and the settlement is **APPROVED**. This action is **DISMISSED WITH PREJUDICE**.

**SIGNED** on March 25, 2019.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE